UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**TEMEKA BANKS**                                    **CASE NO. 3:21-CV-03795**

**VERSUS**                                          **JUDGE TERRY A. DOUGHTY**

**LIBERTY INSURANCE CORP., ET AL.**                 **MAG. JUDGE KAYLA D. MCCLUSKY**

**REPORT AND RECOMMENDATION**

Before the undersigned is a motion to remand filed by Plaintiff Temeka Banks ("Banks"). [doc. #5]. Defendant Liberty Insurance Corporation ("Liberty") opposes the instant motion. [doc. #7]. For the reasons assigned below, it is recommended that Banks's motion be **DENIED**.

**I.  FACTUAL BACKGROUND**

On October 18, 2020, Eric Shaun Rose ("Rose") allegedly ran a red light in Winnsboro, Louisiana, and crashed into Banks's car, causing injuries, including physical injuries, medical expenses, and lost wages. [doc. #1-1, p. 1-2]. The car Rose was driving at the time of the accident was insured by Liberty. *Id.* at 1. On September 20, 2021, Banks filed suit against Liberty and Rose in the Fifth Judicial District Court for the Parish of Franklin, seeking damages against Banks for negligence and against Liberty under Louisiana's Direct Action Statute, LA. R.S. § 22:655, *et seq*.

On October 27, 2021, Liberty removed this suit to this Court on the basis of diversity jurisdiction. [doc. #1].

1

On December 6, 2021, Banks filed a motion to remand, arguing that, because Rose had not consented to the removal, Liberty's notice of removal is procedurally deficient. [doc. #5, p. 2]. Banks also, for the first time, challenged the diversity of the parties. *Id.*

On December 22, 2021, Liberty filed an opposition brief arguing that Banks had waived her right to object to Rose's lack of consent because her motion to remand was filed more than thirty days after the notice of removal. [doc. #7, p. 1]. To the extent Banks's motion to remand alleges lack of subject matter jurisdiction, Liberty asserts that the parties' diversity of citizenship has been adequately asserted. *Id.* at 3.

Banks did not file a reply to Liberty's opposition. Accordingly, this matter is ripe.

## II. LAW AND ANALYSIS

A. *Rose's Failure to Consent to Removal*

As an initial matter, Banks argues that Liberty's notice of removal is procedurally defective because Rose did not consent to the removal. [doc. #5, p. 2]. Liberty responds that Banks waived her right to seek remand on this basis because she waited more than thirty days after the notice of removal to raise this issue. [doc. #7, p. 1]. Alternatively, Liberty claims that Rose was improperly served, and, thus, his consent to the removal was not required. *Id.* at 2.

Title 28, United States Code, Section 1446(b)(2)(A) requires that all properly joined **and served** defendants join in or consent to the removal. 28 U.S.C. § 1446(b)(2)(A); *Gillis v. La.*, 294 F.3d 755, 759 (5th Cir. 2002). If a properly joined and served defendant fails to consent to the removal, the plaintiff may seek remand. 28 U.S.C. § 1447(c). However, the plaintiff waives this procedural defect if she does not object within thirty days "after the filing of the notice of removal." *Id.*

Banks cannot obtain remand based on Rose's failure to consent to the removal. Liberty filed its notice of removal on October 27, 2021, and Banks filed her motion to remand forty days later, on December 6, 2021. Accordingly, even if Banks is correct that Rose was properly served and, thus, was required to consent to the removal, Banks waived her right to raise this argument by not objecting within thirty days after Liberty's notice of removal was filed. Therefore, it is recommended that the motion to remand be DENIED on this basis.

B. Banks's Challenge as to Diversity Jurisdiction

Banks also seeks remand by challenging Liberty's allegations of diversity jurisdiction. Any action removed to federal court must be one over which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction. *Id.* Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). The removal statutes are strictly construed in favor of remand. *Manguno*, 276 F.3d at 723. A motion to remand due to lack of subject matter jurisdiction may be brought at any time. 28 U.S.C. § 1447(c); *Williams*, 985 F.2d at 788.

Diversity jurisdiction requires that all plaintiffs are diverse in citizenship from all defendants and that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. "Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). In alleging diversity, this requires properly alleging the citizenship of the parties. For individuals, citizenship is an individual's

domicile, which requires "residence and the intention to remain." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007). On the other hand, a corporation's citizenship is the state in which it has been incorporated and the state of its principal place of business. 28 U.S.C. § 1332(c)(1).

Initially, a removing party need only allege diversity in its notice of removal. *Dupuis v. Lisco*, 15-cv-2137, 2015 WL 6511898, at *2 (W.D. La. Oct. 27, 2015). "Once subject-matter jurisdiction is challenged, however, the party invoking the court's diversity jurisdiction has the burden of **proving** that complete diversity of citizenship exists." *Id.* (emphasis added). If federal jurisdiction is challenged, and no support of jurisdiction is presented, "a federal court may not assert jurisdiction." *Guerrero v. State Farm Mut. Auto Ins. Co.*, 181 F.3d 97 (5th Cir. 1999).

Liberty properly alleged diversity in its notice of removal, stating as follows:

A. Defendant, Liberty Insurance Corporation is a foreign corporation domiciled in the State of Illinois and having its principal place of business at 175 Berkeley Street, Boston, Massachusetts.

B. Defendant, Eric Shaun Rose, is a domiciliary of Land O Lakes, Florida.

C. Plaintiff, Temeka Banks, is a domiciliary of Franklin Parish, Louisiana.

[doc. #1, p. 2]. Liberty alleges that it is a corporation and listed its states of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1). Liberty also names the states of domicile of Rose and Banks. *See MidCap Media Finance,* LLC, 929 F.3d at 314. Thus, Liberty sufficiently alleged diversity jurisdiction. Likewise, Liberty meets its initial burden of alleging that "the amount in controversy exceeds $75,000.00 per representation by [Banks's] counsel." *Id.*

4

Banks does not challenge that the amount in controversy has been met.

Furthermore, the undesigned finds that Liberty was not required to prove the citizenship of the parties. Had Banks contested the allegations of diversity, the burden would have been on Liberty to prove the jurisdictional facts. However, Banks does not contest the alleged citizenship of Liberty and Rose; rather, she merely argues that Liberty did not sufficiently "prove" the citizenships of Defendants in its notice of removal. *See Emp. Mut. Cas. Co. v. Gemini Ins. Co.*, 13-816, 2014 WL 3541296, at *4 (M.D. La. July 17, 2014) (finding that the plaintiff's assertion that removing the defendant had to include evidence of diversity in its notice of removal did not constitute a challenge of diversity). Therefore, the burden never shifted to Liberty to prove its allegations of diversity.

Accordingly, it is **RECOMMENDED** that Banks's motion be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

5

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 23rd day of February, 2022.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE